Filed 4/23/15  P. v. Dove CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE DOVE,<br><br>    Defendant and Appellant. | B257953<br><br>(Los Angeles County Super. Ct.<br> No. BA421920) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Although unable to reach a verdict in count 1 on a charge of attempted murder (Pen. Code, §§ 664/187),[1] the jury convicted defendant and appellant David Lee Dove in count 2 of assault with a deadly weapon upon Terry Gale O'Neall (§ 245, subd. (a)(1)) and found true the allegation that defendant personally inflicted great bodily injury upon O'Neall (§ 120227, subd. (a)). In a bifurcated proceeding, the trial court found that defendant had suffered two prior convictions under the three strikes law (§ 1170.12, subd. (a)-(d), § 667, subd. (b)-(i)) and two prior serious felony convictions (§ 667, subd. (a)).

Defendant was sentenced to state prison in count 2 for a term of 25 years to life. The sentence was enhanced by 13 years, based on 10 years for the prior serious felony convictions and 3 years for the great bodily injury finding. Defendant filed a timely notice of appeal from the judgment.

This court appointed counsel to represent defendant on appeal. On March 12, 2015, appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues but requesting this court to independently review the appellate record for arguable contentions. Defendant was advised by letter from this court of his right to file a supplemental brief within thirty days. The time to file a supplement brief has elapsed and no brief has been filed.

We have completed our examination of the record. The record on appeal does not contain any arguable contentions.

Defendant's conviction is supported by substantial evidence. Defendant accused O'Neall of stealing his drugs. He forcibly knocked O'Neall to the ground and stabbed her in the chest and the leg, the latter wound in the vicinity of the femoral artery. Defendant admitted the stabbing to two acquaintances. Defendant considered going back to kill O'Neall to avoiding being identified by her. One of the treating nurses at the hospital testified that the chest wound was not life-threatening, but the wound to the leg

---

[1] All further references are to the Penal Code, unless otherwise indicated.

2

could have been fatal due to its proximity to the femoral artery.  O'Neall spent four or five days in the hospital.

The jury was properly instructed on the law.  The court provided the jury with pattern instructions on the presumption of innocence, as well as the elements of assault with a deadly weapon and personal infliction of great bodily injury.  The jury was fully instructed on defendant's right not to testify, consideration of his oral admission or confession and the requirement of corroboration, and lesser included offenses.   The sentence imposed by the trial court was consistent with the law.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.